**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4923**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDALL A. MONEYMAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:07-cr-00029-jct-1)

Submitted: October 5, 2009          Decided: October 15, 2009

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall A. Moneymaker was found guilty of two counts of knowingly making or using a false document, in violation of 18 U.S.C. § 1001(a)(3) (2006) (Counts 1, 3); three counts of making a false statement or representation, in violation of 18 U.S.C. § 1001(a)(2) (2006) (Counts 3, 5, and 6); and theft of government funds, in violation of 18 U.S.C.A. § 641 (West Supp. 2009) (Count 7). The district court sentenced Moneymaker to thirty-six months of imprisonment for each count to run concurrent to each other.

On appeal, Moneymaker only contests his conviction and sentence for Count 1. Counsel raises two issues on appeal. First, whether Moneymaker was improperly convicted of submitting a false document in support of a fraudulent application for military pension benefits, as alleged in Count 1 of the superseding indictment, when the evidence established that no application for pension benefits was ever submitted. Second, whether the amount of intended loss and amount of restitution improperly included all disability benefits rather than just the benefits to which Moneymaker was not entitled. For the reasons that follow, we affirm.

To the extent Moneymaker alleges insufficient evidence to support Count 1, we find this claim fails. Viewing the evidence in the light most favorable to the prosecution, any

2

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). Moreover, we find there was a variance--rather than a constructive amendment--between the superseding indictment and the trial evidence revealing that the admittedly false document was not submitted as part of an official application for retirement. United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999); see United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (recognizing that a constructive amendment to an indictment occurs when the government or the court broadens the possible bases for conviction beyond those presented by the grand jury).

Second, we will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and it is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). We find no abuse of discretion in the district court's sentence. See Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 590 (2007) (providing review standard). More specifically, we find no clear error in the district court's factual determination that Moneymaker was responsible for all losses related to his receipt of disability payments (actual loss) and future payments (intended loss). United States v. Loayza, 107 F.3d 257, 265 (4th Cir. 1997). We find

3

the sentencing court made a reasonable estimate of the loss, given the available information.  United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003); see U.S. Sentencing Guidelines Manual § 2B1.1(b), comment. (n.3(C)) (2007).  A sentencing enhancement need only be supported by a preponderance of the evidence.  Miller, 316 F.3d at 503.  The same reasoning applies to the district court's order of restitution in the amount of the disability payments actually paid to Moneymaker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4